UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:06CV-74-R

PHILLIP MURRAY MODRELL                                        PLAINTIFF

v.

JON HAYDEN, et al.                                           DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion to Reconsider Order on Defendants'
Motion for Summary Judgment (Docket #54). Defendants have filed a response (Docket #56). This
matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion to Reconsider is
DENIED.

## PROCEDURAL HISTORY

On August 3, 2007, this Court issued a Memorandum Opinion and Order granting in part
Defendants' Motion for Summary Judgment. On August 10, 2007, Plaintiff filed a Motion to alter
and amend the judgment under Federal Rule of Civil Procedure 59(e) arguing that, because Jessie
Riddle did not sign the affidavit for search warrant relative to the June 2005 warrant and because
confidential informant John Goodnight did not sign the affidavit for search warrant relative to the
December 2005 warrant, this Court should vacate its Order granting in part Defendant's Motion for
Summary Judgment. Plaintiff also argues that the Order should be vacated as the aforementioned
warrants were issued without the approval of an Article III judge.

**STANDARD**

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.* A Rule 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *Id.*

**DISCUSSION**

**I.   JUNE 2005 WARRANT**

On June 8, 2005, Detective Jesse Riddle accompanied Bridgette Maxie with the Kentucky Department of Families and Children to 256 Nickell Heights following a complaint of illegal drug activity at that residence. After finding methamphetamine foils in the downstairs portion of the residence occupied by Plaintiff's son Richard Modrell and subsequently arresting him, Riddle proceeded around the back of the residence and informed Plaintiff that the entire residence would have to be secured while a search warrant was obtained.[1] Riddle then entered the upstairs portion of the residence.

Defendant Jon Hayden later arrived at the residence, prepared a search warrant affidavit, left the home, and soon thereafter returned with a search warrant issued by the Honorable Jeff Hines,

---

[1] As detailed in the Memorandum Opinion of August 3, 2007, Plaintiff owned the residence at 256 Nickell Heights and occupied the upstairs portion of that residence. Plaintiff's son Richard Modrell occupied the downstairs portion of the residence.

circuit court state judge.

Plaintiff asserts that this warrant was invalid because Riddle did not sign the affidavit for search warrant; rather it was signed by Hayden.

The Fourth Amendment requires that search warrants only issue upon probable cause supported by Oath or affirmation. U.S. CONST. amend. IV. "When the Fourth Amendment demands a factual showing sufficient to comprise 'probable cause' the obvious assumption is that there will be a *truthful* showing." *Franks v. Delaware*, 438 U.S. 154, 164-65 (1978) (quotation and citation omitted). Truthful in this context does not require that every fact recited in the warrant affidavit is necessarily correct, as probable cause may be founded upon hearsay and information received from informants; rather it means that "the information put forth is believed or appropriately accepted by the affiant as true." *Id.* at 165. It is well-established that "[o]bservations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number." *United States v. Ventresca*, 380 U.S. 102, 111 (1965).

The information that Hayden received and put in the search warrant affidavit was provided by fellow law enforcement officer Riddle. Thus the fact that the search warrant affidavit was signed by Hayden rather than Riddle does not invalidate the search warrant.

Plaintiff also argues that the search warrant was invalid because it was not issued with the approval of an Article III Judge. In support of his position, Plaintiff cites to 28 U.S.C. § 636, which deals with the powers and duties imposed on United States magistrates. This statute does not address the authority of a state judge to issue a search warrant. The Court finds that Judge Hines had such authority.

Therefore, this Court finds that the June 8, 2005 search warrant was valid.

## II.      DECEMBER 2005 WARRANT

On December 14, 2005, Detective Matt Carter conducted a recorded interview of an individual named John Goodnight who had been arrested earlier that day on drug charges. Also arrested at that time was Michelle Lindsey, Richard Modrell's girlfriend. Goodnight stated that Richard Modrell was trafficking in methamphetamine and that Goodnight had, for the last three months, delivered eight ounces of methamphetamine per week to Richard Modrell at his home located at 256 Nickell Heights. Goodnight further stated that Richard Modrell was currently manufacturing methamphetamine using a process which required him to mix the chemicals in four two-and-one-half gallon buckets which were buried under a semi tractor trailer in the yard of 256 Nickell Heights.

Hayden prepared a search warrant affidavit and obtained a search warrant issued by the Honorable Donna Dixon, district court state judge, to search 256 Nickell Heights. Later that day, Carter executed the search warrant at the residence with no evidence of illegal drug activity found.

Plaintiff argues that the Fourth Amendment was violated because John Goodnight, who provided the information forming the alleged basis of probable cause to obtain the search warrant, did not give this information under oath.

The Supreme Court has stated that information provided by a proven and reliable informant, along with police corroboration of the tip, is sufficient to establish the necessary probable cause. *McCray v. Illinois*, 386 U.S. 300, 304 (1967). As discussed above, officers are allowed to rely on information provided to them by informants in applying for a search warrant. *Franks*, 438 U.S. at 165. The informant need not provide this information under oath. *See id.* When confronted with hearsay information from a confidential informant, a court must consider the veracity, reliability,

4

and basis of knowledge for that information as part of the totality of the circumstances for evaluating the impact of that information. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* These facts need not take any particular form, all that is required is that the issuing judge can conclude independently that the informant is reliable. *United States v. McCraven*, 401 F.3d 693, 697 (6th Cir. 2005).

> [T]he affiant could attest with some detail that the informant provided reliable information in the past . . .[o]r there could be other indicia of the informant's reliability, such as a detailed description of what the informant observed first-hand, or the willingness of the informant to reveal his or her name.

*Id.* Another indicator of veracity and reliability is if, in the process of implicating a defendant, the informant made statements against his own penal interest. *United States v. Black*, 8 Fed. Appx. 408, 412 (6th Cir. 2001).

Here, the affidavit indicates that Hayden had corroborated a portion of Goodnight's story by observing a semi tractor trailer in the backyard of 256 Nickell Heights. Goodnight was also willing to reveal his name and, in implicating Richard Modrell, made statements against his own penal interest. Hayden also was aware that Richard Modrell and Lindsey had recently pleaded guilty to attempting to possess methamphetamine and drug paraphernalia.

Plaintiff also argues that the search warrant was invalid because it was not issued with the approval of an Article III Judge. For the reasons outlined above, this Court finds that Judge Dixon had the authority to issue the search warrant.

Therefore, this Court finds that the December 14, 2005 search warrant was valid.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Reconsider is DENIED.

An appropriate order shall issue.