UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:06CV-74-R

PHILLIP MURRAY MODRELL                                                                                  PLAINTIFF

v.

JON HAYDEN;                                                                                                    DEFENDANTS
JESSE RIDDLE; and
MATT CARTER

**MEMORANDUM OPINION**

This matter is before the Court on Defendants' Motion to Alter, Amend, and/or Vacate this Court's Memorandum Opinion and Order of August 3, 2007 (Docket #55). Plaintiff filed a response (Docket #74). This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion is GRANTED.

**PROCEDURAL HISTORY**

On August 3, 2007, this Court issued a Memorandum Opinion and Order granting in part and denying in part Defendants' Motion for Summary Judgment. The Court found that Plaintiff could proceed on his Fourth Amendment claims against Defendants Riddle and Hayden for the warrantless entry of the upstairs portion of 256 Nickell Heights on June 8, 2006. The Court found that Plaintiff could also proceed against those Defendants on his claim of trespass for the same warrantless entry. The Court also found that Plaintiff could maintain his claim against Defendant Riddle for false arrest. On August 16, 2007, Defendants filed a motion to alter, amend, and/or vacate the judgment under FRCP 59(e) arguing that the Court made inconsistent findings which conflicted with the clearly established law on the issues.

**STANDARD**

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable."[1] *Id.* A FRCP 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *Id.*

**DISCUSSION**

On May 30, 2005, an individual reported to the McCracken County Sheriffs' Office that Plaintiff's son, Richard Modrell, who resided at 256 Nickell Heights, was delivering methamphetamine to local convenience stores while on duty as a Domino's Pizza delivery person. On June 7, 2005, Defendant Hayden received a call from Bridgette Maxie with the Kentucky Department of Families and Children about another complaint of illegal drug activity at 256 Nickell Heights. The complaint reported that a caller had stated that adults at the residence used methamphetamine and crack cocaine in the home and that the caller had observed Michelle Lindsey and her fifteen year old daughter using marijuana together at the residence. The complaint also indicated that there were loaded guns in the house and that adults answered the door with guns in

---

[1] Defendants attached affidavits from officers at different law enforcement agencies to their memorandum. Defendants also attached the Department of Criminal Justice's Search and Seizure Casebook as well as newspaper articles dated June 4, 2005. Defendants have failed to state, nor can this Court find, how these exhibits constitute newly discovered evidence. Therefore, this Court will disregard these exhibits.

their hands. Pursuant to Maxie's request, Defendant Riddle accompanied Maxie to the residence on June 8, 2005, so that her office could investigate the complaint.

Upon arrival at 256 Nickell Heights, Defendant Riddle knocked on the door and made contact with Plaintiff. Defendant Riddle and Maxie informed Plaintiff that they were looking for Lindsey and her daughter. Plaintiff advised them that they lived downstairs and that they needed to go around downstairs.

After being joined by another deputy, Riddle knocked on the downstairs door at the rear of the residence. Richard Modrell answered the door and Defendant Riddle confirmed with him that Lindsey and her daughter were in the basement. Richard Modrell gave Defendant Riddle consent to search which revealed methamphetamine foils. During this search, Richard Modrell informed officers that he had a firearm in the basement and that his father had firearms in the upstairs portion of the residence.

While in the downstairs area of the residence occupied by Richard Modrell, Defendant Riddle observed that the downstairs had a bathroom with bathing facilities and a kitchen. Defendant Riddle also observed a carpeted stairwell with a door at top which led to the upstairs portion of the house. Defendant Riddle did not check the door to determine if it was locked.

After finding methamphetamine, Defendant Riddle placed Richard Modrell under arrest. Richard Modrell and Lindsey were both detained by a deputy. Defendant Riddle then proceeded around the back of the residence and up onto the back porch to inform Plaintiff that drugs had been discovered and that the entire residence would have to be secured while a search warrant was obtained. Plaintiff objected to Defendant Riddle's entry into the upstairs area. Plaintiff stated that Defendant Riddle told him that he was coming in anyway while making a gesture to reach for his

side which Plaintiff interpreted as Defendant Riddle reaching for his gun.

Defendant Riddle requested that all occupants of the residence come outside onto the carport with him. Plaintiff indicated that his mother-in-law was not physically capable of doing so and that his grandchild was asleep upstairs. During this conversation, Defendant Riddle observed Lindsey's daughter enter the upstairs portion of the home through a carpeted stairwell that connected the two. Lindsey's daughter had been in the portion of the residence that Richard Modrell occupied when Defendant Riddle had conducted his search. Defendant Riddle then entered the home where he remained until the search warrant arrived.

The Court granted in part and denied in part Defendants' motion for summary judgment, ruling that the Plaintiff could proceed on his Fourth Amendment claims against Defendants Riddle and Hayden for the warrantless entry of the upstairs portion of 256 Nickell Heights on June 8, 2005. The Court also ruled that Plaintiff could proceed against these Defendants on his claim of trespass for the same warrantless entry and that Plaintiff could maintain his claim against Defendant Riddle for false arrest.

**I.**     *SARGENT V. CITY OF TOLEDO POLICE DEPARTMENT*

Defendants argue that Defendant Hayden is entitled to judgment and qualified immunity as he was not securing the residence but merely followed his partner into the residence to assist in securing a search warrant.

In support of this argument, Defendants cite the Sixth Circuit Court of Appeals case of *Sargent v. City of Toledo Police Dep't*, 150 Fed. Appx. 470 (6th Cir. 2005), *cert. denied* 127 S. Ct.

4

69 (2006).² In *Sargent*, police officers were responding to a 911 call made by a neighbor complaining of a loud party and noise disturbances coming from the home of the plaintiff. *Id.* at 472. When the officers arrived at the house, they could hear "a loud commotion and voices shouting inside the house," saw a juvenile "passed out" in a car parked in front of the house, and observed individuals on the front porch whom they believed to be juveniles. *Id.* After the officers twice attempted to knock on the front door without a response, one officer proceeded to the back of the house. *Id.* The officer who went to the back of the home observed what he believed to be juveniles running away from the home, and therefore, he decided to enter the home through an open back door. *Id.* The other officer finished investigating the front of the house, then went to the back of the house where he discovered his partner inside the home and then decided to enter the house through the same open back door as his partner. *Id.* In determining that the second officer who entered the home did not commit a Fourth Amendment violation for an unconstitutional warrantless intrusion, the Court reasoned that the on-going and continuous nuisance as well as other surrounding circumstances made the entrance of the second officer reasonable, and therefore, not in violation of the Fourth Amendment. *Id.* at 473-74. The Court stated that under those circumstances, "no Fourth Amendment violation occurs when an officer follows a partner inside after the partner has already entered the home." *Id.* at 474. The Court also held that the second officer was not vicariously liable for any Fourth Amendment violation that the first officer committed when he entered the home as there was no indication that the second officer ordered the first officer to enter the house illegally

---

² The Court notes that *Sargent* does not represent a change in controlling law as Defendants' Motion for Summary Judgment was not filed until April 11, 2007, and *Sargent* was decided on October 6, 2005. Although Defendants failed to cite this case in their briefs concerning the underlying motion for summary judgment, this Court will consider Defendants' arguments in order to prevent manifest injustice. *GenCorp*, 178 F.3d at 834.

or that the second officer knew that the first officer entered the home without consent. *Id.*

In the instant case, Defendant Hayden did not arrive at the residence at 256 Nickell Heights until after Defendant Riddle had secured the dwelling. There is no indication that Defendant Hayden ordered Defendant Riddle to enter the house illegally. Also there is no indication that Defendant Hayden knew the circumstances surrounding Defendant Riddle's entry into the residence other than the fact that he was securing the residence prior to obtaining a search warrant.

Therefore, this Court finds that Defendant Hayden's entry into the residence was reasonable and that he committed no Fourth Amendment violation. Therefore, summary judgment is granted as to Defendant Hayden.

## II.    EXIGENCY

Defendants argue that this Court applied an incorrect standard in determining whether their warrantless entry of the upstairs portion of 256 Nickell Heights constituted a constitutional violation. In its Memorandum Opinion of August 3, 2007, the Court, citing *United States v. Radka*, 904 F.2d 357, 360 (6th Cir. 1990), stated, "Warrantless searches are per se unreasonable under the Fourth Amendment, except in a few carefully delineated instances." The Court recognized that one of these carefully delineated instances was in the case of an exigent circumstance. Defendants cite *Illinois v. McArthur*, 531 U.S. 326, 331 (2001), in arguing that the actual standard in cases such as the one before this Court is as follows: "rather than employing a *per se* rule of unreasonableness, we balance the privacy-related and law enforcement-related concerns to determine if the intrusion was unreasonable."

The Court reads *McArthur* as recognizing and applying the exigent circumstances doctrine to a warrantless seizure. In determining whether an exigency existed, the Court balanced "the

privacy-related and law enforcement-related concerns." *Id.* at 331.  In *McArthur*, the Court found a warrantless entry reasonable, and hence lawful, in light of these circumstances: (1) the police had probable cause to believe the residence contained evidence of a crime and contraband; (2) the police had good reason to fear that, unless restrained, the suspect would destroy the contraband before they could return with a warrant; (3) the police made reasonable efforts to reconcile their law enforcement needs with the demands of personal privacy; and (4) the police imposed the restraint for a limited period of time.  *Id* at 331-32.  In this Court's Memorandum Opinion of August 3, 2007, the Court found that the police did not have probable cause to believe that the upstairs portion of the residence contained evidence of a crime or contraband and that the police did not have good reason to believe that contraband would be destroyed before they could return with a warrant.  The Court based this finding on Defendant Riddle's testimony that prior to the issuance of the search warrant he had no basis to search the upstairs, the securing of the lower portion of the residence by officers, and the arrest of Richard Modrell and his and Lindsey's detention, stating:

> In the present case, the officers had arrested the target of the search and removed him from the premises prior to entering the upstairs portion of the residence.  An officer had secured the lower portion of the residence occupied by Richard Modrell.  This Court cannot find that the Defendants have met the heavy burden of proving exigency.  There is no evidence in the record that any suspected illegal activity was ongoing in the upper portion of the residence occupied by Plaintiff.  Thus, no reason existed to believe that evidence of a federal crime would be destroyed within the time necessary to obtain a search warrant.  The officers had prevented such destruction by securing the lower portion of the residence.  Nor was there any evidence that the officers needed to enter the residence to prevent serious injury to themselves or others; although the officers knew that Plaintiff had firearms, there was no indication that he was attempting to utilize them.

(Citations and footnote omitted).

The Court also ruled that Defendant Riddle were not entitled to the defense of qualified immunity for his warrantless entry of the upstairs portion of the residence on June 7, 2005.

7

"Government officials performing discretionary functions are entitled to qualified immunity from civil suits for damages arising out of the performance of their official duties 'as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Watkins v. City of Southfield*, 221 F.3d 883, 887 (6th Cir. 2000) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). A court evaluating a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of a constitutional right, and, if so, whether it was a clearly established right that a reasonable official under the circumstances should know. *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Saucier v. Katz*, 553 U.S. 194, 201 (2001). "Once the qualified immunity defense is raised, the burden is on the plaintiff to demonstrate that the officials are not entitled to qualified immunity." *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006).

Defendants argue that the record does not support this Court's finding that the officers had arrested the target of the search and had removed him from the premises. Defendants state that, because the visit to 256 Nickell Heights was to check on the welfare of the minor, if there was a target of the search it was the fifteen year old. Defendants further argue that with the officers reasonably believing that the residence was a single dwelling, that all adults in the home, as well as the fifteen year old minor, were suspects and potential targets of the investigation.

The purpose behind Defendant Riddle's visit to the residence was to check on the welfare of the minor child. There were allegations that the minor child was engaging in drug use and that adults at the residence were also engaged in drug use. Specifically, the complaint stated that Lindsey was observed using marijuana with her daughter and that Richard Modrell was delivering methamphetamine to local convenience stores. Following Defendant Riddle's discovery of the methamphetamine foils during the consensual search, Richard Modrell was arrested and both he and

8

Lindsey were detained by police officers in handcuffs. Lindsey's daughter was not restrained and when Defendant Riddle returned to the front door and was conversing with Plaintiff, Defendant Riddle observed Lindsey's daughter entering the upstairs portion of the residence through the stairwell connecting the upstairs and the downstairs.

The Court finds that Defendant Riddle could have reasonably believed that an exigent circumstance existed requiring him to enter the upstairs portion of the residence and to detain the adults located there. Defendant Riddle was aware that the complaint with the Department of Families and Children stated that Lindsey's daughter had been observed smoking marijuana. Defendant Riddle had also discovered evidence of drug use in the lower portion of the residence. Defendant Riddle had good reason to fear that, unless restrained, Lindsey's daughter would destroy contraband before he could return with a warrant. Having seen Lindsey's daughter enter the upstairs portion of the residence, this fear reasonably included all those present there. Therefore, this Court finds that Defendant Riddle is entitled to qualified immunity on Plaintiff's claims of Fourth Amendment violation, trespass, and false arrest.

### III.   VALIDITY OF SEARCH WARRANTS AND VIOLATION OF CONSTITUTIONAL RIGHTS

Defendants argue that the Court must vacate its Memorandum Opinion of August 3, 2007, to the extent that it found the search warrants were invalid and/or Defendants violated Plaintiff's constitutional rights when they entered his residence pursuant to the search warrants. The Court finds it unnecessary to address this argument, having already found that Defendants are entitled to summary judgment.

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Alter, Amend, and/or Vacate is

GRANTED.

       An appropriate order shall issue.