UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:06-CV-00074-R

**PHILLIP MURRAY MODRELL**                                                        **PLAINTIFF**

v.

**JESSE RIDDLE**                                                                          **DEFENDANT**

### MEMORANDUM AND ORDER

Plaintiff Phillip Modrell, *pro se*, alleges violations of his rights under the Fourth Amendment for the warrantless-entry of his residence, along with state-law claims of trespass and false arrest. After several motions for summary judgment, a ruling on qualified immunity, and an appeal to the Sixth Circuit, the trial for this matter is scheduled for February 13, 2012.[1] The parties have moved to exclude certain evidence at trial. These matters are ripe for review. Below, the Court issues its rulings.

### STANDARD

Motions in limine provided in advance of trial are appropriate if they eliminate evidence that has no legitimate use at trial for any purpose. *Jonasson v. Lutheran Child & Family Serv.*, 115 F.3d 436, 440 (7th Cir. 1997); *Bouchard v. Am. Home Products Corp.*, 213 F. Supp. 2d 802, 810 (N.D. Ohio 2002) ("The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)). Only where the evidence satisfies this high bar should the court exclude it; if not, "rulings [on evidence] should be deferred until trial so that questions of foundation,

---

[1] The underlying facts of this lawsuit are more thoroughly discussed in the Sixth Circuit's opinion upholding the Court's previous denial of summary judgment as to Defendant Jesse Riddle. *See Modrell v. Hayden*, 436 F. App'x 568 (6th Cir. 2011).

relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Serv. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010) (quoting *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). Even if a motion in limine is denied, the court may revisit the decision at trial when the parties have more thoroughly presented the disputed evidence. *See id.*

## DISCUSSION

### I. Motion to Adopt by Reference (DN 92)

Modrell moves to adopt the earlier jury instructions and exhibit lists he filed with the Court before the interlocutory appeal to the Sixth Circuit. Presumably, Modrell presents this motion to notify the Court and Riddle that he intends to use the items in the current trial. Finding no objection by Riddle, this motion is GRANTED at this time.

### II. Plaintiff Motion in Limine (DN 93)

Modrell moves the Court to exclude evidence of the search of the basement residence and restrict the scope of the trial to the entry into his upstairs residence. Such limitations are impossible. The purpose of the visit to 256 Nickell Heights by officers that night was to investigate drug activity in the basement residence. The evidence that prompted Riddle to search upstairs was located in the basement residence. Statements made by individuals indicated the presence of firearms upstairs in Modrell's part of the house. To evaluate the reasonableness of Riddle's actions, the jury must know the whole story. Accordingly, this motion is DENIED.

### III. Loss of Reputation (DN 95)

Riddle moves to exclude Modrell's claims that he suffered a loss of reputation and standing in the community following his arrest and the search of his home. In his deposition, Modrell did not present any affirmative proof that the community's opinions were impacted by

these events.  Instead, he said he "felt" like people thought he was a criminal after the incident. Riddle objects to this basis for damages because it is speculative.

Given the limited foundation from which to address this motion, the Court will deny it. The purpose of a motion in limine is to omit evidence that is clearly inadmissible.  *Bouchard*, 213 F. Supp. 2d at 810.  Although Modrell's foundation for reputational harm is dubious, the Court cannot judge the legitimacy of this claim from the evidence in its current form.  The Court can consider this issue at the close of Plaintiff's proof.

### IV. Abuse of Process (DN 96)

Riddle moves to prevent Modrell from introducing evidence on his earlier claim of abuse of process.  Although two search warrants were issued to search Modrell's residence, the Court previously dismissed the defendants related to these warrants.  The parties agree that Riddle was not involved in procuring the warrants from the state judge.

Under Kentucky law, "'the gist of the tort of abuse of process is . . . misusing or misapplying process justified in itself for an end other than that which it was designed to accomplish.'"  *Sprint Comm'ns Co., L.P. v. Leggett*, 307 S.W.3d 109, 113 (Ky. 2010) (quoting *Flynn v. Songer*, 399 S.W.2d 491, 494-95 (Ky. 1966)).  Riddle is alleged to have entered Modrell's residence without a warrant - not used the subsequent warrants as a means of coercion. Since this claim constitutes irrelevant evidence, the motion is GRANTED.

### V. Damages to Wife and Mother-in-Law (DN 97)

Riddle moves to prohibit the introduction of evidence on the distress defendants' actions had on Modrell's wife and mother-in-law.  Considering that neither of these women are parties to this action, Riddle's motion is GRANTED.  This evidence is irrelevant to the matter at hand.

### VI. Evidence from Glen J. Miller (DN 98)

Riddle moves to exclude the testimony of Glenn J. Miller, a real estate appraiser. Modrell hopes to use Miller as an expert witness who will testify that 256 Nickell Heights, subdivided into a basement residence and an upstairs residence, may be considered a duplex. The Court assumes Miller's testimony would lend weight to Modrell's contentions that the warrantless-entry into his residence upstairs was unreasonable.

Miller's opinion on how Modrell's home may be marketed to potential buyers is immaterial. Insofar as the warrantless-entry is concerned, the only question the jury needs to determine is whether an objectively reasonable officer could have believed the dwelling was two residences or one. *See Keeton v. Metropolitan Gov't of Nashville & Davidson Cnty.*, 228 F. App'x 522, 524 (6th Cir. 2007); *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 554 (6th Cir. 2003). The impressions of a real estate appraiser do not bear on the objectively reasonable beliefs or behavior of an officer.

Indeed, an opinion by Miller is useless specifically *because* of his expertise. Miller's ability to differentiate between what is a duplex and what is a single-family dwelling follows from his expertise in the real estate market. Presumably, Riddle does not possess such knowledge. Since the dispositive issue is whether an objectively reasonable officer could tell the difference upon entry into 256 Nickell Heights, what a real-estate expert is able to draw from a building by examining it is of questionable import. Miller's testimony is unnecessary, possibly confusing, and unrelated to the issues of this case. Accordingly, this motion is GRANTED.

### VII. Liability Insurance (DN 99)

Riddle moves to exclude evidence that the Paducah Police Department had liability insurance during and after the incident. The Federal Rules of Evidence bar the admission of such information. *See* Fed. R. Evid. 411. Accordingly, this motion is GRANTED.

### VIII. Attorneys' Fees (DN 100)

Riddle moves to keep Modrell from requesting attorneys' fees. In his deposition, Modrell admits he has not incurred attorneys fees during this litigation. DN 100 at 1. Modrell does not alter this concession in his response; rather, he writes that it is unfair that he has had to "go it alone" for the duration of this litigation. In light of Modrell's unambiguous admissions, this motion is GRANTED.

### IX. Modrell's Heart Condition (DN 101)

Riddle asks the Court to exclude testimony by Modrell on his heart condition. Although Modrell says Dr. Roberts treated his heart condition after the police's intrusion into his home, Riddle asserts the physician never determined the cause of the problem. The Court agrees with Riddle's position. Not only do statements by Modrell about Dr. Roberts' diagnosis raise hearsay concerns, but the diagnosis of a heart condition and its cause requires expert medical testimony. Modrell is unqualified to offer such commentary on his own. Thus, he may not speak about his heart problems or that they are the result of the incident unless Dr. Roberts testifies at trial on these issues. Accordingly, this motion is GRANTED.

### X. Punitive Damages (DN 102)

Riddle argues that even viewing the evidence in the light most favorable to Modrell, there is no foundation for an award of punitive damages. He asks the Court to prevent Modrell from asking for a punitive instruction at trial.

"Punitive damages may be awarded in a § 1983 action 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Dorr v. City of Ecorse*, 305 F. App'x 270, 277 (6th Cir. 2008) (quoting *Hill v. Marshall*, 962 F.2d 1209, 1217 (6th Cir. 1992)). This

motion to preclude punitive damages is best made at the close of Modrell's proof after the Court has had the opportunity to review all the evidence. Accordingly, this motion is DENIED. Riddle may make a Rule 50 motion on punitive damages following Modrell's case-in-chief.

### XI. Emotional and Physical Damages (DN 103)

Again, citing the lack of evidence by Modrell, Riddle petitions the Court to bar his requests for damages related to emotional and physical stress. Riddle indicates Modrell has not turned over any proof that he sustained these injuries. Modrell may testify as to how the incident affected him. However, he may not give a medical diagnosis as he is not a doctor. Whether he has sufficient evidence to support a claim of emotional and physical damages can be addressed at the close of evidence. Accordingly, this motion is DENIED.

### XII. Injury to Career/Lost Benefits (DN 104)

Riddle moves to exclude any argument that his actions harmed Modrell's career as an independent aviation instructor. Modrell admits during his deposition that he has earned roughly the same amount before and after Riddle's intrusion into his residence. Further, he testified that he "felt" like his business declined in the years after the incident.

Much like Modrell's claims for harm to his reputation, there is a limited foundation from which the Court can address this motion. It will DENY the motion and permit Riddle to raise the issue anew after the close of Modrell's proof. Nevertheless, Modrell must present more than his own subjective impressions in support of this claim of lost income for it to proceed to a jury.

### XIII. Propriety of Arrests of Richard Modrell and Michelle Lindsey (DN 105)

Riddle moves the Court to exclude anticipated arguments by Modrell that the arrest of Richard Modrell, his son, and Michelle Lindsey were improper, illegal, or based on evidence planted by the police. In his response, Modrell asserts that "the arrest of the two individuals has

nothing to do with the merits [of the trial]." DN 129 at 1.  Presumably, Modrell is referring to his own motion in limine that attempts to exclude all information on what transpired in the basement residence.  For the reasons stated above, Modrell's argument is without merit.

The Court agrees with the broad strokes of Riddle's motion.  The search warrants secured by the police were legitimate and there is nothing to suggest the arrests of Richard Modrell and Michelle Lindsey were tainted by police misconduct.  Such assertions by Modrell during trial would be both inflammatory and a distortion of the facts.  The parties may testify about the search of the basement and the arrests of Richard Modrell and Michelle Lindsey but may not offer opinions as to these actions' constitutionality.  Accordingly, this motion is GRANTED.

### XIV. Propriety of Search Warrants (DN 106)

Riddle moves the Court to exclude more anticipated arguments by Modrell, specifically that the search warrants in this case were not supported by probable cause.  This Court and the Sixth Circuit have previously reached the opposite conclusion.  Accordingly, this motion is GRANTED.  Modrell may not argue or insinuate that the search warrants of June 8, 2005 and December 14, 2008 were issued in violation of the Fourth Amendment.

### CONCLUSION

Testimony may be offered at trial consistent with the Court's above-stated rulings.  The parties shall offer objections at trial to aid the Court in effectuating these rulings.

For the foregoing reasons, IT IS HEREBY ORDERED:

(1)   Plaintiff's motion to adopt (DN 92) is GRANTED.  Plaintiff's motion in limine (DN 93) is DENIED.

(2)   The following motions in limine by Defendant are GRANTED: DN 96, DN 97, DN 98, DN 99, DN 100, DN 101, DN 105, DN 106.

    (3)    The following motions in limine by Defendant are DENIED: DN 95, DN 102, DN 103, DN 104.